UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


KIMBERLY D. HENSLEY )
 )
v. ) NO. 2:05-CV-142
 )
PARKER-HANNIFIN CORPORATION )


**MEMORANDUM OPINION**

This is an action for long-term disability benefits under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, brought by Kimberly D. Hensley, a former employee of Parker-Hannifin Corporation [Parker]. The action is now before this court on cross-motions for a judgment on the basis of the Administrative Record [AR].

This court notes at the outset that both parties agree that the policy language gives discretionary authority to the plan administrator to determine eligibility for benefits and to interpret the terms and provisions of the policy. [AR 505]. In this case, Parker is responsible for administering the plan as well as paying out any long-term disability payments. [AR 4]. Accordingly, the facts of this case will be reviewed on an abuse of discretion standard. In order to prevail under this standard, Ms. Hensley must prove not only that the company's benefit determination was incorrect but that its decision was arbitrary and capricious.

To prove disability under Parker's long-term disability policy, a claimant may show disability if:

> during the first two years after the onset of your **disability** . . . you are not able to perform the essential functions of your regular job (or a regular job with accommodations), or other work in the unit for which you are reasonably qualified and suited, or could become so with minimal training . . . . You are eligible for continuing long-term **disability** benefits after the first two years only if you are not able to perform each of the material duties of your job or attain **Other Gainful Employment**. . . . If your **disability** arises from psychiatric, mental or nervous conditions, you will continue to be considered disabled after the 6-month **elimination period** if the claim has been approved and you are unable to perform each of the material duties of your job. **After 24 months of payment you will not be considered disabled.** [AR 464]. [Emphasis in original].

In addition, a claimant must also:

> be under the regular treatment of a **qualified medical provider** in order to be eligible to receive benefits under Parker's Long Term Disability Plan. In addition, you must provide periodic proof of continued **disability** when requested by the Disability Claims Administrator. [AR 467]. [Emphasis in original].

Ms. Hensley applied for long-term disability benefits in February 2004. [AR 298-310]. Her application indicated a disability start date of November 17, 2003. [AR 307]. A statement from Dr. James R. McKinney which accompanied her application indicated her diagnoses were fibromyalgia and migraine headaches. [AR 309-10]. Dr. McKinney also stated that Ms. Hensley was totally disabled and could not be expected to return to work. [AR 310]. Ms. Hensley's claim was denied in April 2004 because she was not treated with a specialist for her symptoms of pain and the medical documentation she presented did not support fibromyalgia or any other disabling condition. [AR 231]. Following a second review in February 2005, Ms. Hensley's claim was again denied. The following reasoning was cited:

2

> We are upholding our claim denial as there is no documentation of diagnostic findings that support the primary diagnosis nor is there any documentation to suggest that Ms. Hensley is treating with a physician with the highest degree of speciality for the condition being claimed as the primary or secondary diagnosis. [AR 2-3].

For the following reasons, this court agrees with the decision of the plan administrator that Ms. Hensley was not eligible for long-term disability benefits. The main support for the plan's decision was the December 23, 2004, independent medical examination [IME] report of Dr. John Marshall. [AR 2-3, 25-30]. Dr. Marshall indicated that Ms. Hensley had diffuse pain of an unspecified etiology. [AR 27]. He found her diagnosis of primary fibromyalgia to be a "controversial diagnosis." [*Id*.]. He opined that for "primary fibromyalgia, my opinion of disability is not supported for this particular diagnosis." [AR 28]. The doctor also mentioned that with Ms. Hensley's "possible history of psychiatric illness and/or depression" that he could not exclude the possibility of her pain stemming from the psychiatric, rather than organic, realm. [*Id*.]. He would not limit her from returning to work based solely on fibromyalgia. [AR 29].

Also, pursuant to the plan, Ms. Hensley had the responsibility to be treated by a doctor who has the "highest degree of speciality for the condition for which benefits are claimed." [AR 467]. The highest degree of speciality for fibromyalgia is a rheumatologist. *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 873 (9th Cir. 2003). As cited in the February 2005 second denial of benefits, there is no documentation available that Ms. Hensley was treated by a rheumatologist.

3

Because the reasons cited in the second denial of Ms. Hensley's request for long-term disability benefits were supported by the administrative record, this court agrees with the denial.

After careful consideration of the entire record of proceedings related to this case, this court finds that the plan administrator's decision that Ms. Hensley was not entitled to long-term disability benefits was neither incorrect nor arbitrary and capricious. Accordingly, Ms. Hensley's motion a judgment on the record will be denied, the defendants' motion for a judgment on the record will be granted, and this action will be dismissed.

An appropriate order will follow.

    ENTER:

                                                 s/Thomas Gray Hull
                                                 THOMAS GRAY HULL
                                                     SENIOR U. S. DISTRICT JUDGE